IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUNDRIA BRYANT-BRANCH,

    Petitioner,

v.                                   Case No. 4:23cv105/MW/MAL

WARDEN GABBY,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This case is before the court on Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 and memorandum of law in support. ECF No. 7, 8. Warden Gabby filed a Response in Opposition for Failure to Exhaust Administrative Remedies, for Mootness on Time Credits Claim, and for Lack of Jurisdiction on Conditions of Confinement Claim. ECF No.11. Petitioner filed an "Objection to Respondent Claim and Order for Summary Judgment" and a document titled "Plaintiff's Motion for Summary Judgment." ECF Nos 12, 13.

    After careful consideration of the record and relevant law, I recommend the § 2241 petition be denied. Petitioner's challenge to her conditions of confinement is not properly before the Court, she did not exhaust her administrative remedies as to her claim for First Step Act sentencing credits, and she has not shown she is entitled

to proceed under § 2241 on the four claims challenging her criminal convictions and sentences.

## I.  BACKGROUND

Petitioner is a federal prisoner in custody at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of November 18, 2029. *See* https://www.bop.gov/inmateloc/. She has been sentenced in three separate criminal cases arising out of the U.S. District Court for the Western District of Tennessee. *See* W.D. Tenn Case 2:22cv02743-JPM-tmp, ECF No. 9 (Jan. 19, 2023 Order denying Petitioner's § 2255 motion). In December of 2007 Petitioner was sentenced to a total term of 70 months' imprisonment in Case 05-20452 after pleading guilty to two counts related to the filing of fraudulent income tax returns. In July of 2009 she was sentenced to a 120-month term of imprisonment in Case 06-20320 after pleading guilty to being a felon in possession of a firearm. Finally, in December of 2012 she was sentenced to a total term of 262 months' imprisonment after pleading guilty to false claims conspiracy and money laundering in case 11-20318. The court reduced her sentence in the latter case to 102 months' imprisonment on both counts to be served concurrently to each other and consecutive to the sentences in the prior two cases. Petitioner's motion for compassionate release was denied in 2021, and the court denied her § 2255 motion as untimely in January

of 2023. On February 14, 2023, Petitioner filed both a direct appeal to the Sixth Circuit, which was dismissed on June 7, 2023 (Case 23-5125), and a motion for reconsideration, which remains pending.

## II.  DISCUSSION

Petitioner's amended § 2241 petition raises six grounds for relief. To the extent her claims can be discerned, one appears to sound in civil rights, four claims challenge the constitutionality of her conviction or sentence and one claim sounds in habeas. The six grounds are as follows:

1. Poor conditions of confinement at her custodial institution (ECF No. 7 at 3; ECF No. 8 at 9);

2. BOP improperly failed to award credits under the First Step Act (FSA) (ECF No. 7 at 3; ECF No. 8 at 9);

3. Breach of contract (plea agreement) due to receiving three consecutive sentences and/or unconscionable plea. (ECF No. 7 at 4; ECF No. 8 at 9);

4. Unlawful arrest (ECF No. 7 at 4; ECF No. 8 at 6, 9);

5. Fraudulent inducement to enter guilty plea (ECF No. 7 at 5; ECF No. 8 at 10); and

6. Violation of Article III, Due Process of the Supreme Law of the Land because the Government repealed the Bill of Rights (ECF No. 7 at 5; ECF No. 8 at 10).

Petitioner claims to have presented five of the six claims to the BOP either through the prison grievance system or other administrative proceeding.[1] ECF No. 7 at 3-5.

In his response the Warden moves to dismiss Grounds One and Two of the petition because Petitioner has not exhausted her administrative remedies, while also asserting the claims are either improperly raised in a § 2241 petition (Ground One) or without merit (Ground Two). Respondent asserts the remaining four claims are not proper subjects for a § 2241 petition in her district of confinement.

### A. Ground One--Petitioner's Conditions of Confinement Claim does not sound in Habeas

Title 28 U.S.C. § 2241(c)(3) provides an inmate may seek habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The core of habeas corpus is comprised of claims challenging the validity of a conviction or sentence, or the fact or duration of an inmate's confinement. *See Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022). Conversely, claims challenging conditions of confinement typically do not sound in habeas, but rather, at least for individuals in state custody, must be brought as civil rights claims under 42 U.S.C. § 1983. *See Nance*, 142 S. Ct. at 2222; *Muhammad v. Close,* 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500

---

[1] Petitioner has not responded to the exhaustion question as to Ground Five. ECF No. 7 at 5.

(1973) (stating that a civil rights action is the proper remedy for "a constitutional challenge to the conditions of [ ] prison life" and habeas corpus is the sole remedy for a challenge to "the fact or duration of ... physical imprisonment," which seeks "immediate release or a speedier release from that imprisonment"). The Eleventh Circuit has stated when an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. *Hutcherson v. Riley*, 468 F. 3d 750, 754 (11th Cir. 2006) (*citing Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 2101 (2006)). Whether a federal inmate such as Petitioner has an analogous cause of action challenging the conditions of her confinement under *Bivens*[2] is questionable. *See Gilchrist v. United States*, 2023 WL 4537004 (N.D. Ala. June 13, 2023) (collecting cases concluding that after *Ziglar v. Abbasi*, 582 U.S. 120 (2017) *Bivens* does not extend to claims related to alleged unconstitutional conditions of confinement). However, that question need not be decided herein.

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens* the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials similar to the statutory remedy available against state actors under 42 U.S.C. § 1983. Since then, the Court has expressly extended the *Bivens* remedy only twice: first, to a claim for gender discrimination under the Fifth Amendment's Due Process Clause, *see Davis v. Passman*, 442 U.S. 228, 248-49 (1979), and later to a claim for deliberate indifference to an inmate's serious medical need, *see Carlson v. Green*, 446 U.S. 14, 18-23 (1980).

Regardless of whether an alternative cause of action is available,³ Petitioner's constitutional challenge in Ground One to the conditions at FCI Tallahassee including mold, poor quality food, and over-crowding, do not impact the fact or duration of her confinement.⁴ Thus, this claim must be dismissed as it is not properly before me in this habeas action.

### B. Ground Two—Petitioner did not Exhaust her Administrative Remedies at to her First Step Act (FSA) Claim.

#### 1. **Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing, such as those awarded under the FSA. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to

---

³ *See Johnson v. Terry*, 2023 WL 3215366, at *6 (N.D. Ga. Mar. 22, 2023) (noting the "lamentable position" plaintiff was left in after the court's decision finding he was foreclosed from pursuing relief under *Bivens.*)

⁴ Petitioner states on her § 2241 form that she filed a Tort Claim in 2021 but did not receive a response. ECF No. 7 at 3.

challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation

omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020). If the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 11-11 at ¶ 9. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for the rejection. *Id.* (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must

be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition. Petitioner has offered no facts to suggest otherwise, and objects to exhaustion all together. ECF No. 12 at 3-4.

2. **Petitioner has not exhausted her administrative remedies.**

Respondent has presented uncontroverted evidence, in the form of a declaration signed by Krista Klett, Attorney Advisor at the Consolidated Legal Center in Miami Florida which provides legal services to FCI Tallahassee, that Petitioner has not exhausted her administrative remedies as to Ground Two of her amended petition. ECF No. 11-1. Klett states in her declaration dated June 22, 2023, that her review of the SENTRY database reflects Petitioner has filed only one administrative remedy during her incarceration, which related to a disciplinary hearing held on May 31, 2018 at FCI Aliceville. *Id*. at ¶ 11. Klett specifically states Petitioner has filed no administrative remedies related to either conditions of her housing or her eligibility to earn FSA credits. *Id*. at ¶ 12. Therefore, her claim

regarding her FSA credits must be dismissed for failure to exhaust her administrative remedies.[5]

### C. Grounds Three through Six--Petitioner's Claims Challenging her Convictions or Sentences

The Warden asserts Grounds Three through Six should have been presented in a direct appeal to the Sixth Circuit in the relevant criminal case or in a § 2255 petition in her district of conviction. Warden Gabby also states if Petitioner "was time-barred on her initial § 2255, as alleged, that does give rise to jurisdiction for a district of confinement to address Grounds Three through Six." ECF No. 11 at 2. Nonetheless, the Warden offers no additional background or argument as to these claims.

Petitioner's criminal convictions were in 2007, 2009 and 2012. She did not file her § 2255 motion challenging her 2009 conviction for possession of a firearm by a convicted felon until 2022. *See* W.D. Tenn. Case 2:22cv2743-JPM. The Tennessee court rejected her arguments that equitable tolling applied to her situation and dismissed the motion as time-barred. W.D. Tenn. Case 2:22cv2743-JPM, ECF No. 9 at 6-10. Petitioner's Grounds Three through Six in the instant petition clearly assail the validity of one or more of her criminal convictions or sentences.

---

[5] Respondent also maintains Petitioner's FSA credits have been applied and to the extent she claims she has been deemed ineligible to earn federal time credits, she is incorrect. *See* ECF No. 11 at 13.

The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981); *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Antonelli*, 542 F.3d at 1351; *Jordan,* 915 F.2d at 629. Generally, "a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (abrogated on other grounds). That is to say that § 2241 does not routinely provide yet another means of attack. However, § 2255 also contains a saving clause that allows a federal prisoner to challenge his conviction by filing a § 2241 habeas petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner seeking to use the saving clause bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Parson v. Warden*, 836 F. App'x 825 (11th Cir. 2020) (citing *McCarthan v. Director of Goodwill Industries-Suncoast,*

*Inc.,* 851 F.3d 1076, 1081 (11th Cir. 2017) (internal citation omitted)). There are three situations where a § 2255 motion is inadequate to address a petitioner's claims: (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; and (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate. *McCarthan*, 851 F. 3d at 1092-93.

It is not clear why Petitioner believes she is entitled to litigate the four challenges to her conviction and sentence in this forum at this juncture. Absent the special circumstances identified above, § 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. § 2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised previously. Petitioner's claims of breach of the plea agreement/unconscionable plea, unlawful arrest, fraudulent inducement to enter guilty plea, and a violation of Article III should be dismissed.

### D. Petitioner's Motion for Summary Judgment

Petitioner filed two pleadings referencing a request for "summary judgment," an "Objection to Respondent Claim and Order for Summary Judgment" and a document titled "Plaintiff's Motion for Summary Judgment" where she has merely filled in her name in the blank provided for Plaintiff. ECF Nos 12, 13. Based on the

foregoing discussion of the grounds for relief raised in the amended § 2241 petition, to the extent Petitioner seeks summary judgment in her favor, her request should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241 (ECF No. 7) be DISMISSED.

2. Petitioner's "Motion for Summary Judgment" (ECF No. 13) be DENIED.

3. The clerk be directed to close the case file.

At Gainesville, Florida on October 31, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.